**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PONCIANO VIDALES-RIVERA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2458-G** |
| **THE WARDEN, DIAMONDBACK CORRECTIONAL FACILITY,** | ) | |
| | ) | |
| **Respondent.** | | |

## REPORT AND RECOMMENDATION

Petitioner, Ponciano Vidales-Rivera, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Charles B. Goodwin referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 4. The

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Government responded, Doc. 7, and the time for Petitioner to reply has lapsed. So the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

## I. Factual background and Petitioner's claim.

Petitioner is a citizen of Mexico who has been convicted of possession of a controlled substance. Doc. 7, at 2. He received a ten-year sentence. *Id.* Ex. 1, at 4. Respondent argued that the Department of Homeland Security (DHS) mandatorily detained Petitioner under 8 U.S.C. § 1226(c). Doc. 7, at 3.

At the time he filed his petition, Petitioner argued he was being held without a custody redetermination hearing after his August 25, 2026 arrest. Doc. 1, at 6. He sought his immediate release under appropriate conditions of supervision. *Id.* at 7. On October 8, 2026, an Immigration Judge ordered Petitioner removed, and Petitioner waived his appeal. Doc. 9, Ex. 1. The removal order therefore became administratively final upon the waiver. *See* 8 C.F.R. § 1241.1(b).

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S.

475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**III. Analysis.**

Petitioner is subject to an October 8, 2026 administratively final order of removal and 8 U.S.C. § 1231 governs his detention. Respondent maintains this action is moot, citing *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Doc. 9, at 1. In *Ferry*, Petitioner's removal order had been executed, and he was no longer in DHS custody, so its holding does not squarely apply. 457 F.3d at 1132.

Under 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" The 90-day period is known as the "removal period." *Id.* "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). After the removal period, ICE has the discretion to continue to detain inadmissible or criminal noncitizens. *Id.* § 1231(a)(6); *see also* 8 C.F.R. § 241.1. The "basic purpose" of § 1231 is "assuring the alien's presence at the

moment of removal." *Zadvydas*, 533 U.S. at 699. Further detention, however, may not be "indefinite." *Zadvydas*, 533 U.S. at 699.

In *Zadvydas*, the Court recognized six months as a "presumptively reasonable period of detention" following a noncitizen's removal order to allow the government to accomplish a noncitizen's removal. *Id.* at 699-701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Petitioner's claims related to the bond hearing fail given that § 1231 governs his detention. Any challenge he might raise to his detention would be premature, given the recency of the removal order. Therefore, the Court should find that Petitioner's § 1231 confinement is presumptively reasonable under *Zadvydas*, and the Court should deny the Petition without prejudice to any later challenge that may become available under such authorities.

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1, because he is currently in the 90-day removal period.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 25, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Respondents are directed to provide Petitioner with a copy of this Report and Recommendation. This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 4th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE